IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SCOTT RODNEY ROBINSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv494 |
| UTMB, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Scott Rodney Robinson, Jr., an inmate currently confined at the Pack I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against the University of Texas Medical Branch ("UTMB"), Bryan Williams, Lori Walker, Duyen Bui, Joe Lopez, Roshanda Poullard, Sergeant Fondu, Officer Glubber, and Caleb Taylor.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Motion for Default Judgment

Plaintiff has filed a motion for default judgment, requesting that a default judgment be entered against defendants Duyen Bui, Lori Walker, and Roshanda Poullard. (ECF No. 41.) Plaintiff's motion is based on the alleged failure of the defendants to answer or otherwise defend the action.

Analysis

Rule 55, FED. R. CIV. P. provides in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED. R. CIV. P. 55(a).

Defendants Duyen Bui and Lori Walker have been served and have filed a motion to dismiss. Accordingly, plaintiff's motion against defendants Bui and Walker is not appropriate. However, defendant Poullard remains unserved as of this date.

An order to answer was entered on March 17, 2023 providing the unserved defendants with 40 days in which to answer or otherwise plead to plaintiff's claims against them. A copy of the order was sent to a representative of the Texas Attorney General's office for such office to accept service on behalf of the defendants.[1] The Office of the Attorney General for the served defendants has filed a notice with the court that he is without authority to represent defendant Roshanda Poullard. Accordingly, default judgment against such unserved defendant is not proper because the defendant's time in which to file an answer or otherwise defend the case has not expired. Accordingly, plaintiff's motion for default judgment should be denied at this time.

## Recommendation

Plaintiff's motion for default judgment should be denied.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

---

[1] To facilitate and expedite the handling of prisoner suits filed in this district, the Office of the Attorney General voluntarily receives and reviews prisoner suits against employees of the Texas Department of Criminal Justice, Institutional Division. In cases where the defendants are ordered to file an answer, the Attorney General notifies the defendants of the suit and ascertains whether the defendants desire legal representation by the Attorney General. If so, the Attorney General answers the suit and represents the defendants at trial. If not, the defendants may answer through privately retained counsel.

*Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

    SIGNED this 5th day of March, 2024.

_____
Zack Hawthorn
United States Magistrate Judge
