IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SCOTT RODNEY ROBINSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv494 |
| UTMB, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Scott Rodney Robinson, Jr., an inmate at the Pack I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends granting the motion to dismiss filed by defendants Joe Lopez, Bryan Williams, Caleb Taylor, and the University of Texas Medical Branch at Galveston.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court concludes plaintiff's objections are without merit. Plaintiff requests an opportunity to amend the complaint. In this case, however, plaintiff previously amended his complaint in response to written questions propounded by the magistrate judge. Thus, plaintiff was provided an opportunity to submit an amended pleading containing a more detailed

factual discussion explaining his basis of recovery against the defendants. Rule 15(a)(2) which states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Rosenblatt v. United Way of Greater Houston*, 607 F. 3d 413, 419 (5th Cir. 2010). Here, plaintiff was previously provided an opportunity to amend his complaint and put forth his best case. Additionally, plaintiff's current request to amend comes only after the case has been pending for more than two years and after the magistrate judge recommended granting the defendants' motion. Plaintiff did not seek to amend his complaint during the pendency of the defendants' motion to dismiss. In light of the undue delay and previous failure to cure any deficiency by plaintiff, as well as the undue prejudice to the defendants, plaintiff's motion to amend is denied.

Additionally, plaintiff complains that defendant Taylor did not follow prison policy by failing to initiate a request through the Incident Command System to have medical staff respond with a stretcher or wheelchair. Defendant Taylor's alleged failure to follow prison regulations, rules or procedures, however, does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). There is no indication plaintiff actually required transportation to the medical department by wheelchair. Even after examining plaintiff, the nurse on duty did not determine an alternate form of transportation was necessary for him before she ordered him to return to his cell. As the magistrate judge stated in the report, defendant Taylor's actions, as described by plaintiff, were unprofessional, but they fail to rise to the level of a constitutional violation. *See Lloyd v. Villarreal*, No. 2:21cv305, 2023 WL 3437304 at 18 (S.D. Tex. Feb 24, 2023) *R&R adopted*, No. 2023 WL 3436099 (S.D. Tex.

May 12, 2023). There is no allegation that the alleged crawling "created any substantial risk of serious harm to Plaintiff that would give rise to any constitutional violation. The alleged crawling merely resulted, at most, in temporary pain and Plaintiff alleges no long-term complications from having to . . . crawl for this short period of time." *Id.* Further, defendant Taylor's failure to refer plaintiff for additional medical examination was negligence, at most, given that a nurse had examined plaintiff and determined he would be fine and could wait two days to be seen at a doctor's appointment pursuant to her referral.

## O R D E R

Accordingly, plaintiff's objections are OVERRULED. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is ADOPTED. It is therefore

ORDERED that the defendants' motion to dismiss [Dkt. 35] is GRANTED.

**SIGNED this 25th day of March, 2024.**

_____
Michael J. Truncale
United States District Judge