IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SCOTT RODNEY ROBINSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv494 |
| UTMB, ET AL. | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Scott Rodney Robinson, Jr., an inmate at the Pack I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends granting the motion to dismiss filed by defendants Lori Walker and Duyen Bui.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court concludes plaintiff's objections are without merit. For the reasons set forth in the report, plaintiff's allegations fail to rise to the level of a constitutional violation. Further, to the extent plaintiff's objections may be liberally construed as a motion to amend the complaint, plaintiff's motion lacks merit. In this case, plaintiff previously amended his

complaint in response to written questions propounded by the magistrate judge. Thus, plaintiff was provided an opportunity to submit an amended pleading containing a more detailed factual discussion explaining his basis of recovery against the defendants.

Rule 15(a)(2) which states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Rosenblatt v. United Way of Greater Houston*, 607 F. 3d 413, 419 (5th Cir. 2010). Here, plaintiff was previously provided an opportunity to amend his complaint and put forth his best case. Additionally, plaintiff did not obtain the defendants' consent to amend his complaint. Plaintiff's current request to amend comes only after the case has been pending for more than two years and after the magistrate judge recommended granting the defendants' motion. Plaintiff did not seek to amend his complaint during the pendency of the defendants' motion to dismiss. In light of the undue delay and previous failure to cure any deficiency by plaintiff, as well as the undue prejudice to the defendants, plaintiff's motion to amend is denied.

## O R D E R

Accordingly, plaintiff's objections are OVERRULED. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is ADOPTED. It is therefore

ORDERED that the defendants' motion to dismiss [Dkt. 40] is GRANTED.

**SIGNED this 25th day of March, 2024.**

Michael J. Truncale
United States District Judge